IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH

| | |
|---|---|
| LEGACY HEALTH SERVICES, INC, ) | |
| ) | |
| *Plaintiff,* ) | |
| v. ) | |
| ) | Case No. 5:21-cv-00079 (TBR) |
| ILLINOIS UNION INSURANCE COMPANY, ) | |
| and COLUMBIA CASUALTY COMPANY, ) | |
| ) | |
| *Defendants.* ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Plaintiff Legacy Health Services, Inc.'s Motion to Remand, (Mot. to Remand), Dkt. 7. Defendant Illinois Union Insurance Company ("IUIC") has responded, (Resp.), Dkt. 10. Legacy Health has replied, (Reply), Dkt. 11.

Legacy Health has also filed an unopposed Motion to Dismiss, (Mot. to Dismiss), Dkt. 12, asking the Court to dismiss with prejudice Legacy Health's claims against Defendant Columbia Casualty Company ("CCC").

For the reasons that follow, Plaintiff Legacy Health's Mot. to Remand, Dkt. 7, is **GRANTED**, and Plaintiff Legacy Health's Mot. to Dismiss, Dkt. 12, is **DENIED**, without prejudice to renew the motion in the state court following remand.

I.   **FACTUAL BACKGROUND**

Oftentimes, when one legal battle ends, another begins. It's unsurprising, then, that that is exactly what happened here.

Legacy Health owns Cambridge Place Group, LLC, which runs a long-term care facility in Christian County, Kentucky. *See* Compl., Dkt. 1-1, ¶ 1. Thomas Mundy was admitted to Cambridge in 2016 and died two years later in 2018. *See id.* ¶ 20. Subsequently, a lawsuit was

filed against Legacy Health and Cambridge claiming that Mundy suffered accelerated deterioration of health and physical condition beyond what is caused by the normal aging process. *See id.* ¶ 19. That lawsuit alleged that negligence over an eighteen-month period ultimately lead to Mundy's death. *See id.* ¶ 22.

During that eighteen-month period, Legacy Health had two different insurance policies: one with CCC, and another with IUIC. *See id.* ¶¶ 10–11. CCC issued a long-term care commercial liability policy to Legacy Health for the policy period September 1, 2016, through September 1, 2017. *See id.* ¶ 10. And IUIC issued a long-term care facilities general and professional liability policy to Legacy Health for the policy period of September 1, 2017, through September 1, 2018. *See id.* ¶ 11. Once the complaint in the Mundy lawsuit was filed, Legacy Health put CCC and IUIC on notice and asked for coverage from both CCC and IUIC. *See id.* ¶ 22. CCC and IUIC agreed to defend Legacy Health because Legacy Health was insured by both policies at some time during the alleged negligence. *See id.* ¶¶ 25–28. The Mundy lawsuit eventually settled, and CCC and IUIC split the defense and indemnity costs between them. *See id.* ¶ 29.

For their coverage of the claims in the Mundy lawsuit, CCC and IUIC each demanded that Legacy Health pay the full amount of its deductibles, $100,000 and $75,000, respectively. *See id.* ¶ 30. Legacy Health took issue with this. It felt that neither CCC nor IUIC were entitled to the full deductibles because they shared the defense and indemnity costs. *See id.* ¶¶ 31–32. As a result, Legacy Health claims that CCC and IUIC only provided partial indemnification, which it contends amounts to a denial of coverage. *See id.* ¶ 36. CCC and IUIC held their ground, requesting their deductibles because, allegedly, they provided coverage for different claims. *See id.* ¶ 36.

On May 13, 2021, Legacy Health filed a complaint against CCC and IUIC in Christian County Circuit Court. *See id.* Legacy Health sought a declaration of rights as to what percentage of each deductible the insurers are entitled to assess, *see id.* ¶¶ 40–45, and claimed that CCC and IUIC breached their insurance policies by demanding full payment of their deductibles, *see id.* ¶¶ 46–53. On June 18, 2021, IUIC removed the case to the Western District of Kentucky on the basis of diversity jurisdiction. *See* Notice of Removal, Dkt. 1.

And, allegedly, at the time IUIC removed the case to federal court, Legacy Health and CCC had already reached a settlement in principle, confirmed in writing. Reply at 3. Legacy Health also claims that by the time that it filed its reply on August 9, 2021, Legacy Health and CCC had fully executed a release. *Id.* at 3–4. About one month later, on August 31, 2021, Legacy Health filed an unopposed motion for partial dismissal, asking the Court to dismiss with prejudice Legacy Health's claims against CCC because the two parties had reached a settlement. Mot. to Dismiss at 1.

## II.     LEGAL STANDARD

A motion to remand requires the Court to inquire whether it has subject matter jurisdiction over a case. *See* 28 U.S.C. §§ 1441, 1447. The two most common forms of jurisdiction are federal question and diversity jurisdiction. *See* 28 U.S.C. §§ 1331–32. The burden to establish this federal subject matter jurisdiction lies with the party seeking removal. *Vill. Of Oakwood v. State Bank & Trust Co.*, 539 F.3d 373, 377 (6th Cir. 2008) (*citing Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453–54 (6th Cir. 1996)).

### III. DISCUSSION

#### A. *Motion to Remand*

Legacy Health filed a complaint against CCC and IUIC in Christian County Circuit Court. *See* Compl. IUIC removed the case to federal court, claiming that the Western District of Kentucky has diversity jurisdiction. *See* Notice of Removal. The Notice of Removal claims that complete diversity exists because Legacy Health is a Kentucky corporation with its principal place of business in Christian County, Kentucky, while IUIC and CCC are both Illinois companies with their principal place of business in Illinois. *See id.* ¶¶ 10–11. Legacy Health does not dispute that the requirements of complete diversity are satisfied. *See* Mot. to Remand. The Notice of Removal also maintains that Legacy Health's claims satisfy the $75,000 amount-in-controversy requirement. *See* Notice of Removal ¶¶ 14–26. Legacy Health disagrees, asserting that the Court must remand the case to state court because its damages are less than the amount-in-controversy requirement. *See* Mot. to Remand.

Therefore, the question of whether the Court has jurisdiction to decide this case turns on the amount-in-controversy requirement. The amount in controversy requirement is satisfied when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332.

"The general rule is that the amount in controversy is the value to the petitioner of the rights he seeks to protect." *Grange Mut. Cas. Co. v. Safeco Ins. Co. of Am.*, 565 F. Supp. 2d 779, 783 (E.D. Ky. 2008) (*citing Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007)). Courts measure the value of a right by the losses the plaintiff will incur if its right is not protected. *See id.* (*citing Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

The Sixth Circuit explains that this inquiry focuses on "the value of the object of the litigation." *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 253 (6th Cir. 2011).

So, what is the value of the object of the litigation in this case? The IUIC policy had a deductible of $75,000, and IUIC is demanding that Legacy Health pay the full $75,000. Compl. ¶¶ 27–28. However, Legacy Health does not dispute that it owes IUIC some portion of the deductible. *See id.* Legacy Health requests a declaration of rights that it only owes 50% of its IUIC deductible, an amount totaling $37,500.[1] *Id.* ¶ 43. This means that the parties agree that Legacy Health owes IUIC $37,500—that amount is not in controversy.[2] *See id.* What the parties dispute is whether Legacy Health owes IUIC another payment of $37,500. *See id.* Therefore, the object of this litigation is $37,500, not $75,000. Or, put differently, Legacy Health is seeking to protect a right valued at $37,500.

IUIC argues that the object of the litigation is at least $75,000 because if Legacy Health loses, it will have to pay its full deductible.[3] Resp. at 5–6. But that argument misses the mark.

---

[1] Legacy Health has since noted that "[w]hile the two . . . insurers are believed to have split the defense costs evenly, CCC paid 60% of the indemnity and IUIC paid 40% of the indemnity." Mot. to Remand at 2. Therefore, Legacy Health argues that "it potentially owes 40% of the $75,000 deductible to IUIC, or $30,000, based on the percentage of indemnity IUIC contributed in the [Mundy] suit." Reply at 3. However, the Complaint explicitly requests a declaration that Legacy Health owes 50% of the IUIC deductible, or $37,500. Compl. ¶ 43. Because these are conflicting figures, the Court will treat the $7,500 difference between the two requested amounts as still in controversy. Accordingly, the Court uses the larger request for 50% of the IUIC deductible throughout the remainder of its opinion. The Court also uses the $37,500 figure because that is the amount that Legacy Health specifically requests in its *ad damnum* clause. *Id.* ¶ 53. It is worth noting that the Court only uses the $37,500 for its amount-in-controversy analysis; this says nothing about how the costs were actually split or what Legacy Health might owe IUIC.
[2] Alternatively, Legacy Health and IUIC agree that Legacy Health owes $30,000 of its deductible, *see* Footnote 1. Regardless, both $37,500 and $30,000 are below the amount-in-controversy requirement.
[3] IUIC states that Legacy Health's breach of contract claim exceeds $75,000 and the amount in controversy of the declaratory judgment exceeds $75,000. Resp. at 5. It does not appear that IUIC argues that these claims should be added together for amount-in-controversy purposes. *See id.* But, to the extent that IUIC does, the Court is not persuaded. Other district courts in this circuit have rejected similar arguments. *See Houchens v. Gov't Emps. Ins. Co.*, No. 3:13-CV-00214-CRS, 2013 WL 5740131, at *3 (W.D. Ky. Oct. 22, 2013) ("[T]he amount in controversy relative to Plaintiffs' injunctive and declaratory relief effectively subsumes any amount in controversy that might be credited to Plaintiffs' claims for compensatory damages. . . . In other words, [Defendant] cannot twice count the amount of reparation benefits sought by Plaintiffs in calculating the amount in controversy."); *see also Thomas v. Allstate Prop. & Cas. Ins. Co.*, No. 3:16-CV-00324-GNS-DW, 2017 WL 101317, at *4 (W.D. Ky. Jan. 10, 2017)

Legacy Health already agrees that it owes IUIC half of its deductible. *See* Compl. ¶ 43. Therefore, Legacy Health is seeking to protect its right to $37,500, not $75,000.

The next question thus becomes whether there are any other alleged damages that can push the $37,500 figure over the amount-in-controversy requirement.

Legacy Health stated in its Complaint that it suffered "consequential damages, including but not limited to being charged two . . . full deductibles for partial coverage under each policy with respect to a single claim." Compl. ¶ 52. IUIC argues that those consequential damages must be added to the amount-in-controversy requirement. Resp. at 6. Legacy Health maintains that consequential damages are essentially not an issue in this case, evidenced by the fact that the *ad damnum* clause in the Complaint never mentions consequential damages. *See* Reply at 1; *see also* Compl. ¶ 53. Legacy Health further asserts that "the spirit of the Complaint" makes "clear" that it is only seeking a declaration that it owes IUIC $37,500. Reply at 2.

The Court finds that Legacy Health's claim that it suffered consequential damages does little to satisfy IUIC's burden that the amount in controversy is "more likely than not" met. *See Rogers v. Wal-Mart Stores Inc.*, 230 F.3d 868, 871 (6th Cir. 2001) (When the amount pled in the complaint does not explicitly meet the amount-in-controversy requirement, "the removing defendant must show that it is 'more likely than not' that the plaintiff's claims meet the amount [-]in[-]controversy requirement."). Importantly, the Complaint only mentions consequential damages once and conspicuously leaves those damages out of the *ad damnum* clause. Comp. ¶¶ 52–53. What's more, the dollar amounts are discernable in this case. Legacy Health argues that it does not owe a percentage of its IUIC deductible, and that percentage can be calculated with relative ease by looking at the insurance policy, the claims in the Mundy lawsuit, and how

---

("[T]he injunctive and declaratory relief would add no extra value to the amount in controversy beyond the compensatory damages.").

the insurance companies split the defense and indemnity costs. Like the court in *Magnum Asset Acquisition, LLC v. Green Energy Technologies, LLC*, a case where the plaintiff simply claimed "direct and consequential damages," the Court "is hard pressed to ascertain what possible 'consequential' damages there might be—and plaintiff, in its reply brief, has essentially conceded that fact." No. 5:19-CV-2930, 2020 WL 377699, at *1, 3 (N.D. Ohio Jan. 23, 2020).

IUIC next argues that Legacy Health's statement in the Complaint that "the amount in controversy with respect to each Defendant is less than $75,000," Compl. ¶ 53, is insufficient to affirmatively establish that the amount-in-controversy requirement cannot be met. Resp. at 11 (*citing Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 470 (6th Cir. 2019)). The Court agrees that such a statement, alone, would not defeat a court's jurisdiction. But it is IUIC's burden to show that that the amount in controversy is "more likely than not" met. *See Rogers*, 230 F.3d at 871. And Legacy Health offers much more than just that statement to show that the amount in controversy is less than $75,000, *see supra*.

In the event that the Court finds that the claims against IUIC do not satisfy the amount-in-controversy requirement—and the Court determines that they do not—IUIC argues that the claims against CCC exceed $75,000 and give the Court jurisdiction over the case. Resp. at 9. IUIC's argument runs like this. Legacy Health sought a declaratory judgment that it does not owe a deductible to CCC. *Id.* at 9. The CCC deductible in question is $100,000. *See id.* $100,000 is larger than $75,000. *See id.* Thus, the Court has jurisdiction over the CCC claims and can exercise supplemental jurisdiction over the IUIC claims. *See id.* at 9–10.

Legacy Health responds, arguing that the claims against CCC should not be considered because they are almost settled. Reply at 3–4. Legacy Health claims that at the time this lawsuit was removed, Legacy Health and CCC had already reached a settlement in principle, confirmed

in writing, and that as of the filing of the Reply, a release had been fully executed by Legacy Health and CCC. *See id.* at 3–4. Legacy Health also argues that the CCC claim does not exceed $75,000 because the Complaint seeks a judgment that CCC is only entitled to assess a 50% deductible, which amounts to $50,000.[4]

Because "[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction," the Court concludes that Legacy Health and CCC's settlement does not affect the amount-in-controversy analysis. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938). IUIC removed this case before Legacy Health and CCC finalized their settlement. This means that even though Legacy Health and CCC had allegedly agreed to a settlement, there was still a possibility that the agreement could fall through. Other courts in similar situations have held that indemnity was still in controversy at the time of removal. *See LePage v. Hartford Prop. & Cas. Ins.*, No. C19-5376 BHS, 2019 WL 2755077, at *4 (W.D. Wash. July 2, 2019) ("Though it is a very close question given that it appears that the settlement of indemnity was close to finalization prior to removal (and the parties' arguments may suggest that the entirety of the settlement was to be paid by Hartford) the Court concludes by a preponderance of the evidence that indemnity was still in controversy at the time of removal."); *see also GlobalTranz Enterprises, Inc. v. Lifeworks Tech. Grp.*, LLC, No. CV-13-01002-PHX-SRB, 2013 WL 12190476, at *1 (D. Ariz. July 16, 2013) ("Unless the parties settled the case the moment Plaintiff filed its Motion to Remand (and failed to notify the Court of that settlement), the amount in controversy has no doubt exceeded

---

[4] Legacy Health now argues that that "[s]ince CCC paid 60% of the indemnity, CCC would at best be entitled to $60,000 of the claimed $100,000 deductible." Mot. to Remand at 5. This request conflicts with the $50,000 request in the Complaint. *See* Compl. ¶ 43. Throughout the opinion the Court uses the $50,000 figure because that is what Legacy Health specifically includes in its *ad damnum* clause. *Id.* ¶ 53. Regardless, consequential damages are not added to the claims against CCC, so neither claim value exceeds $75,000.

$75,000."). Thus, the Court considers how Legacy Health's claims against CCC might affect the amount-in-controversy analysis.

For the same reasons that Legacy Health's claims did not put the entire IUIC deductible at stake, the entire CCC deductible is not at stake. Legacy Health requests a declaratory judgment that it only owes 50% of the CCC deductible. Compl. ¶¶ 43, 53. The object of the litigation against CCC is $50,000, an amount below the amount-in-controversy requirement.[5] And just as the Court refused to add consequential damages to the amount-in-controversy figure for the claims against IUIC, the Court refuses to do so for the claims against CCC, *see supra*. Thus, the Court does not have jurisdiction over Legacy Health's claims against CCC and cannot use those claims to exercise supplemental jurisdiction over the case against IUIC.

However, if the Court aggregated the claims against IUIC and CCC, $37,500 and $50,000, respectively, their sum would exceed the $75,000 amount-in-controversy requirement. Unfortunately for IUIC, aggregation is not possible here. When a plaintiff sues two or more defendants in a diversity case, the plaintiff is not entitled to aggregate the defendants' indebtedness unless the defendants are jointly liable. *Fechheimer Bros. Co. v. Barnwasser*, 146 F.2d 974, 976 (6th Cir. 1945). IUIC never claims that IUIC and CCC are jointly liable. *See* Notice of Removal; *see also* Resp. Legacy Health, by contrast, explicitly asserts that IUIC and CCC are not jointly liable. *See* Mot. to Remand at 6. Thus, IUIC has not shown that it is "more likely than not" that the plaintiff's claims meet the amount-in-controversy requirement. *See Rogers*, 230 F.3d at 871.

Accordingly, the Court concludes that the amount-in-controversy requirement is not satisfied and remands the case back to the Christian County Circuit Court.

---

[5] Alternatively, Legacy Health alleges that it owes $60,000 of its CCC deductible, *see* Footnote 4. Regardless, both $50,000 and $60,000 are below the amount-in-controversy requirement.

B. *Motion to Dismiss*

Legacy Health represents that it has reached a settlement with CCC on terms that provide for Legacy Health to dismiss its claims against CCC with prejudice but without affecting any of Legacy Health's other claims in this action. *See* Mot. to Dismiss. Accordingly, Legacy Health moves to dismiss CCC. *See id.* This motion is unopposed. *See id.* Because the Court does not have jurisdiction over the matter, it denies the motion without prejudice to renew the motion in the state court following remand.

IV. **CONCLUSION**

For the above stated reasons, **IT IS HEREBY ORDERED** that Plaintiff Legacy Health's Motion to Remand, Dkt. 7, is **GRANTED**, and Plaintiff Legacy Health's Unopposed Motion for Partial Dismissal, Dkt. 12, is **DENIED**, without prejudice to renew the motion in the state court following remand. The case is remanded to Christian Circuit Court. This case is now closed.

**IT IS SO ORDERED**

Thomas B. Russell, Senior Judge
United States District Court

October 12, 2021